IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
MAXON ENGINEERING SERVICES, INC.,       :    Case No. 04-04781 (GAC)
                                        :
        Debtor                          :    Chapter 7
_____ :
                                        :
MAXON ENGINEERING SERVICES, INC.,       :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :
                                        :
MUNICIPALITY OF SALINAS,                :    Adv. No. 07-00139
AUTORIDAD DE ENERGIA ELECTRICA,         :    Adv. No. 07-00159
TORRES HERNANDEZ & PUNTER               :    Adv. No. 07-00223
                                        :
        Defendants                      :
_____ :

DECISION AND ORDER

The debtor filed a voluntary petition under Chapter 11 on May 4, 2004.  The case was converted to Chapter 7 on June 13, 2006 and Noreen Wiscovitch Rentas was appointed interim trustee on June 14, 2006.  On June 11, 2007, the Chapter 7 trustee filed these adversary proceedings for recovery of alleged post-petition payments made to the defendants on account of prepetition debts. The trustee claims that the payments were not authorized by the Court and thus must be returned to the estate pursuant to 11 U.S.C. § 549.  The defendants have sought dismissal of the complaints, contending that they are time barred.  The trustee has opposed the motions contending that the statute of limitations was equitably

1

tolled.

The Court has reviewed the complaints and concludes that the trustee does not indicate when the alleged transfers took place. Thus, from the record, because the Court is unable to determine when the alleged transfers took place, the Court can not ascertain whether the statute of limitations has expired.

Accordingly, the trustee will be required to amend the complaints to specifically allege the timing of the transfers which she seeks to avoid, to enable the Court to determine whether recovery is time-barred or whether the statute of limitations was tolled.

### ORDER

WHEREFORE IT IS ORDERED that the trustee is granted twenty (20) days to amend the complaints to indicate the timing of the alleged transfers which she seeks to avoid.

SO ORDERED.

San Juan, Puerto Rico, this 8th day of October, 2008.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge